IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**TERRY PEEK**                                                                                         **PLAINTIFF**

**V.**                              **NO. 4:16CV00099 BSM/PSH**

**NANCY A. BERRYHILL,**
**Acting Commissioner,**
**Social Security Administration**                                                    **DEFENDANT**

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction:

Plaintiff Terry Peek applied for disability insurance benefits on May 8, 2012, alleging an onset date of June 5, 2003. (Tr. at 13). After conducting a hearing, the Administrative Law Judge ("ALJ") denied his application. (Tr. at 24). The Appeals Council denied Mr. Peek's request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Mr. Peek has requested judicial review.

For the reasons stated below, the Commissioner's decision should be reversed and remanded for further review.

### II. The Commissioner's Decision:

The ALJ found that Mr. Peek had not engaged in substantial gainful activity since the

amended alleged onset date of May 8, 2012. (Tr. at 15). The ALJ found at Step Two that Mr. Peek had the following severe impairments: coronary artery disease (CAD), degenerative disk disease, arthritis, chronic obstructive pulmonary disease (COPD), and sleep apnea. *Id.* At Step Three, the ALJ determined that Mr. Peek's impairment did not meet or equal a listed impairment. (Tr. at 16).

Before proceeding to Step Four, the ALJ determined that Mr. Peek had the residual functional capacity ("RFC") to perform medium work except for the following limitation: he must avoid concentrations of dust, fumes, gases, odor, smoke, poor ventilation or other airborne irritants. (Tr. at 17). Next, the ALJ found that Mr. Peek had no past relevant work. (Tr. at 23). Evaluating testimony from the Vocational Expert ("VE"), the ALJ held that based on Mr. Peek's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that he could perform, specifically, Dishwasher. (Tr. at 23-24). Consequently, the ALJ found that Mr. Peek was not disabled. (Tr. at 24).

### III. Discussion:

A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into

account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing.

B.  Mr. Peek's Arguments on Appeal

Mr. Peek argues that substantial evidence does not support the ALJ's decision to deny benefits.  He contends that the ALJ's determination that Mr. Peek could perform medium work with limitations is unsubstantiated by the medical record, and that the Appeals Council failed to adequately consider new, material, and relevant evidence submitted after the ALJ's decision.  He also argues that the ALJ failed to resolve a conflict between the vocational evidence and the information contained in the *Dictionary of Occupational Titles* ("DOT") pertaining to the Dishwasher job.  This argument persuades the Court that reversal is proper, and the Court will limit its discussion accordingly.

Mr. Peek complained of COPD, which caused him to get out of breath and need an inhaler. (Tr. at 37, 48).  He stated that walking brought on shortness of breath.  (Tr. at 48).  He was prescribed Albuterol, a steroidal inhaler.  (Tr. at 847).  The ALJ cited to breathing problems exacerbated by cough.  (Tr. at 21).  In conjunction with these complaints, the ALJ assigned an RFC

3

that required that Mr. Peek avoid concentrations of dust, fumes, gases, odor, smoke, poor ventilation or other airborne irritants. (Tr. at 17).

The job of Dishwasher that the VE proposed in response to the ALJ's hypothetical (DOT #318.687-010) requires frequent exposure to extreme heat and wet/or humid conditions. *Dictionary of Occupational Titles,* 318.687-010. It also requires frequent exposure to other environmental conditions or hazards. *Id.* The Program Operations Manual System, which is a reference for the DOT used in Social Security cases, defines environmental conditions as "conditions that may exist in work environments such as extremes in temperature, humidity, noise, vibrations, fumes, odors, presence of toxic substances, dust, poor ventilation, or hazards." POMS DI 25001.001, "Medical-Vocational Quick Reference Guide."

The Dishwasher position requires frequent exposure to just the sort of irritants that the ALJ precluded in the RFC. Therefore, the occupational evidence provided by the VE and the information provided in the DOT are in apparent conflict, and in this circumstance, the ALJ had a duty to resolve that conflict. At a minimum, an ALJ has a duty to ask the VE about any possible conflict, and "if there appears to be a conflict, the ALJ must provide a reasonable explanation for the apparent conflict." SSR 00-4p, 2000 SSR LEXIS 8 (S.S.A. Dec. 4, 2000); see *Smith v. Colvin*, 2013 U.S. Dist. LEXIS 160198 *9 (N.D. W.Va. November 8, 2013).

While the ALJ stated that "pursuant to SSR-04p, the vocational expert's testimony is consistent with the information contained in the DOT," she in fact failed to ask the VE that question. (Tr. at 24, 51-53). That question is required at a hearing to comply with SSR 00-4p. See *Smith v. Colvin* at 9. First, the ALJ failed to ask this question, and second, she failed to offer an explanation for the inconsistency between the vocational evidence and the DOT. This constitutes reversible

error by the ALJ.

## IV. Conclusion:

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. The ALJ failed to resolve the inconsistency between the vocational evidence and the DOT.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be REVERSED and the case be REMANDED, with instructions to re-evaluate Mr. Peek's claim as necessary.

DATED this 4th day of April, 2017.

_____
UNITED STATES MAGISTRATE JUDGE